E-FILED
 Wednesday, 14 June, 2017  11:42:43 AM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ELLIS J. LARD, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 4:14-cv-04041-SLD |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) ) |

ORDER

Before the Court are numerous motions filed by Petitioner Lard: his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1; his motion to correct good time, ECF No. 3; his motion to review the case docket, ECF No. 8; his motion to amend or correct his § 2255 motion, ECF No. 9; his motion for documents, ECF No. 11; his motion for status, ECF No. 12; and a second motion for status, ECF No. 13. For the following reasons, his § 2255 petition is DENIED, and, insofar as the motion to correct good time contains a separate application for relief via 28 U.S.C. § 2241, that claim is DISMISSED for lack of jurisdiction. All the other motions are MOOT.

## BACKGROUND[1]

In October 1994, Lard was sentenced to 210 months' incarceration for a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). On May 16, 2005, Lard filed a petition for relief from that sentence pursuant to 28 U.S.C. § 2255, relying on the then-recent decision in *United States v. Booker*, 543 U.S. 220 (2005) to argue that his sentence was erroneous. The court denied his claim as untimely.

---

[1] Unless otherwise noted, the facts related here are taken from the order denying on Lard's original § 2255 application, ECF No. 4 in *Lard v. United States*, 4:05-cv-04043-JBM (C.D. Ill. 2005).

1

**DISCUSSION**

Although Lard's instant claim, as represented in his initial petition, ECF No. 1, and his motion to amend that petition, ECF No. 9, appears to be a collateral attack on his sentence pursuant to 28 U.S.C. § 2255, as explained below, his interleaved requests via motion to correct the good-time credit calculations made by the Bureau of Prisons ("BOP") are more properly understood as a request for habeas corpus relief pursuant to 28 U.S.C. § 2241. Courts must construe pro se petitioners' applications for post-conviction relief liberally, *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004), and so the Court will analyze in their own right the claims properly understood as brought under § 2241.

**I.     Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255**

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced."). When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Additionally, if the judge examining the petitioner's application for relief does not dismiss the motion after preliminary review, she must order the United States attorney to file an answer or other responsive pleading within an appropriate period of time. S. 2255 R. 4(b).

Second or successive motions for relief under § 2255 must be certified by a panel of the appropriate court of appeals either to contain newly discovered evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or to rely upon a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court, *id.* § 2255(h)(2).

**II.     28 U.S.C. § 2255 Analysis**

Lard argues, Pet. 16, that *McNeill v. United States*, 563 U.S. 816 (2011) requires that his sentence be vacated. He also suggests that he wants to present new evidence relating to his underlying conviction. Pet. 19. However, his petition is successive, since he already sought and was denied relief under § 2255 in 2005. The current petition has not been certified by a panel of the appropriate appeals court—the Seventh Circuit—to contain newly discovered evidence or a new rule of constitutional law. For that reason, his petition must be denied. Furthermore, since it appears that the claim must be denied from the records of the case, it is necessary neither to order the government to respond, nor to hold an evidentiary hearing.

A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the applicant, it must issue or deny a certificate of appealability. 2255 R. 11(a). A certificate of

3

appealability will issue only for those matters upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not disagree that Lard's petition is successive, and has not been certified by the Seventh Circuit. No certificate shall issue.

### III. Legal Standard on an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

The writ of "habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A federal prisoner "attacking the fact or the length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced" properly does so under 28 U.S.C. § 2241, the statute that secures to federal courts the power to issue the writ of habeas corpus. *Id.* This includes circumstances where, as here, a petitioner seeks judicial review of BOP's computation of his period of incarceration. See *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012); *Taylor v. Lariva*, No. 15-3182, 2016 WL 1458230, at *2 (7th Cir. Apr. 14, 2016); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

### IV. 28 U.S.C. § 2241 Analysis

Lard challenges the BOP's calculation of how many days of good time credit he is entitled to. Mot. Correct 1. The challenge of BOP's refusal to credit a prisoner with time for good behavior is, if violative of federal law, properly challenged via a petition for habeas corpus under § 2241. *Setser*, 132 S. Ct. at 1473. However, § 2241 petitions are can be brought only in

4

the district where the applicant is incarcerated. 28 U.S.C. § 2241(a); *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). Lard is incarcerated in Massachusetts. Accordingly, his attack on BOP's award or non-award of good time credits must be brought in the district of Massachusetts, and dismissed in the Central District of Illinois.

## CONCLUSION

Accordingly, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, is DENIED, and his motion to correct good time, ECF No. 3, insofar as it raises a claim under 28 U.S.C. § 2241, is DISMISSED. A certificate of appealability is DENIED. His other motions, ECF Nos. 8, 9, 11, 12, and 13, are MOOT. The Clerk is directed to enter judgment and close the case.

Entered this 14th day of June, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE